

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00040-CR
_____

THE STATE OF TEXAS, Appellant

V.

CODY JOE POSEY, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 20830

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

The State appeals the trial court's order granting Cody Joe Posey's motion for shock community supervision. Upon original conviction, Posey was convicted of two counts of criminally negligent homicide. Both the State and Posey consolidated the causes for briefing purposes. Because the briefs and arguments raised therein are identical in both causes, for the reasons stated in *State v. Posey*, cause number 06-09-00039-CR, we likewise resolve the issues in the instant appeal, cause number 06-09-00040-CR.

In sum, we conclude that the affirmative deadly weapon finding rendered Posey not "otherwise eligible for community supervision under [Article 42.12]." *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (Vernon Supp. 2008). In light of the deadly weapon finding, Section 3g(a)(2) would have prevented the trial court from ordering community supervision. Since Section 6(a)(1) refers to "this article," it encompasses Section 3g(a)(2)'s limitation on court-ordered community supervision. The trial court, then, erred by concluding that Posey was "otherwise eligible" for community supervision under Article 42.12 and, therefore, should not have ordered shock community supervision.

As the written judgment stands, it reflects the proper sentence. To the extent that Posey invites this Court to reform the written judgment to reflect the illegal orally-pronounced twenty-two-month sentence, we decline. The trial court was not authorized to reduce the sentence to a term that fell below the applicable range of punishment. We cannot and will not endorse the unenforceable

2

oral pronouncement of an illegal sentence. We vacate the trial court's order granting shock community supervision, reinstate the November 21, 2008, judgment revoking Posey's community supervision and sentencing him to two years' confinement, and remand the case to the trial court with specific instructions to carry out the two-year sentence reflected in the written judgment.

Jack Carter
Justice

Date Submitted:     September 16, 2009
Date Decided:        October 20, 2009

Do Not Publish

3